IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:15-cv-552-RJC/DSC

| | |
|---|---|
| POLYGROUP MACAU LIMITED (BVI),<br><br>Plaintiff,<br><br>v.<br><br>WILLIS ELECTRIC CO., LTD.,<br><br>Defendant. | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT** |

## Introduction

Counts I & II of the Complaint must be dismissed based upon principles of *res judicata*. Polygroup Macau Limited (BVI) ("Polygroup") has serially asserted identical claims of patent infringement against Willis Electric Co., Ltd., ("Willis Electric"), only to voluntarily dismiss these claims. Polygroup first filed suit in the Western District of Virginia only to dismiss the case when it was transferred to the District of South Dakota. Upon that dismissal, Polygroup filed in the Western District of North Carolina, only to dismiss those claims after leaving them pending for more than two years. The Federal Rules of Civil Procedure and equity do not allow for such repeated claims, and as a result Counts I & II must be dismissed.

## Factual Background

Polygroup and Willis Electric both manufacture, distribute, and sell artificial pre-lit holiday trees. (Dkt.1, ¶¶10-11.) On August 28, 2015, Willis Electric filed a Complaint in the District of Minnesota alleging that Polygroup infringed six of its patents related to lighted artificial holiday trees. *Willis Electric Co., Ltd. V. Polygroup Ltd., Polygroup Macau Ltd., & Polytree (H.K.) Co. Ltd.*, 0:15-cv-03443-DWF-SER (D. Minn.). On November 16, 2015,

1

Polygroup filed this action against Willis Electric and seeks to revive precluded claims of infringement related to two of its own patents. Polygroup claims that Willis Electric's holiday trees infringe United States Pat. Nos. 8,047,700 (the "'700 Patent") and 8,235,737 (the "'737 Patent"). The '700 Patent and '737 Patent include claims relating to what is known in the art as a "bypass mechanism." Bypass mechanisms allow the rest of the light string to remain lit in the event of a failure or absence of one of the bulbs on the string.

This is not the first time that Polygroup has claimed Willis Electric infringed the '700 Patent and the '737 Patent. On August 9, 2013, Polygroup filed suit against Willis Electric in the Eastern District of Virginia. (Complaint, Dkt.1, *Polygroup Macau Limited (BVI) v. Willis Electric Co., Ltd.*, Civ. No. 2:12cv436 ("Exhibit A").) Polygroup complained that Willis Electric's holiday trees infringed the '700 Patent and '737 Patent. (Ex. A, ¶¶ 10-11; *see also* Ex. A, ¶¶ 14, 16, 28-32, 38-42 (identifying the '700 Patent and the '737 Patent as those alleged to be infringed).)

The matter was transferred from the Eastern District of Virginia to the District of South Dakota. (Dkt. 49, *Polygroup Macau Limited (BVI) v. Willis Electric Co., Ltd.*, Civ. No. 1:13-cv-01020-CBK.) On October 3, 2013, Polygroup dismissed its Complaint:

> PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff Polygroup Macau Limited (VBI) [sic] hereby gives notice of dismissal of this action without prejudice.

(Notice of Dismissal, Dkt. 51, *Polygroup Macau Limited (BVI) v. Willis Electric Co., Ltd.*, Civ. No. 1:13-cv-01020-CBK ("Exhibit B").)

On October 7, 2013, days after filing its notice of dismissal in the South Dakota matter, Polygroup filed in the Western District of North Carolina. (Complaint, Dkt. 1, *Polygroup Macau Limited (BVI) v. Willis Electric Co. Ltd.*, Civ. No. 3:13-cv-559 ("Exhibit C").) Polygroup made verbatim claims that Willis Electric's holiday trees infringed the '700 Patent and the '737 Patent. (Ex. C, ¶¶ 10-11; *see also* Ex. A, ¶¶ 14, 16, 28-32, 38-42 (identifying the '700 Patent and the '737 Patent as those alleged to be infringed).) Polygroup amended the complaint on January 3,

2014. (Amended Complaint, Dkt. 5, *Polygroup Macau Limited (BVI) v. Willis Electric Co. Ltd.*, Civ. No. 3:13-cv-559 ("Exhibit D").) The Amended Complaint also alleged infringement of the '700 Patent and the '737 Patent. (*Id.*, ¶¶ 13-14, 17, 19, 31-35, 41-45.)

Polygroup never served either the original or amended complaint that it filed in the Western District of North Carolina. Instead, it waited **759 days**. After leaving its allegations pending on a Federal docket for 759 days, Polygroup again dismissed its claims:

> Pursuant to Fed. R. Civ. P. 41(a)(1), Plaintiff Polygroup Macau Limited (BVI) hereby gives notice of its voluntary dismissal of the First Amended Complaint against Defendant Willis Electric Co., Ltd. As this Notice of Dismissal was filed before Defendant Willis Electric Co., Ltd., either served an Answer or a Motion for Summary Judgment, the dismissal of the First Amended Complaint is without prejudice.

(Plaintiff's Notice of Voluntary Dismissal without Prejudice, Dkt. 6, *Polygroup Macau Limited (BVI) v. Willis Electric Co. Ltd.*, Civ. No. 3:13-cv-559 ("Exhibit E").)

Eleven days after tacitly acknowledging its failure to prosecute by dismissing its claims, Polygroup filed suit a third time, again in the Western District of North Carolina. (Dkt. 1.) Polygroup's Complaint claims infringement of the '700 Patent and the '737 Patent. Polygroup's procedural measures are insufficient to revive its now-defunct allegations of infringement. Because these claims are barred, this motion follows.

**Argument**

In considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept "as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 1949 (2009). The court is not required, however, to accept as true a plaintiff's legal conclusions, unwarranted inferences, unreasonable conclusions, or argument. *Philips*, 572 F.3d at 180 (quotation omitted); *see also Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (a complaint must provide more than "labels and conclusions.").

The content of court records is subject to judicial notice and consideration of their content in connection with a motion to dismiss does not convert the motion into one for summary judgment. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) ("[W]hen entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact."); *see Zak v. Chelsea Therapeutics Inter., Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). A motion pursuant to Rule 12(b)(6) is the proper avenue for a motion to dismiss on grounds of *res judicata* where the underlying grounds are not reasonably subject to dispute. *See Andrews,* 201 F.3d at 524, n.1 (affirming 12(b)(6) dismissal and discussing the propriety of motion to dismiss on grounds of *res judicata*); *Covert, et al v. LVNV Funding, LLC,* 779 F.3d 242, 245-47 (4th Cir. 2015) (affirming dismissal pursuant to Rule 12(b)(6) on grounds of *res judicata*).

**I.      The doctrine of *res judicata* compels the dismissal of Counts I & II.**

A party seeking to invoke *res judicata* must establish three elements: (1) a previous final judgment on the merits, (2) identical parties in the two actions, and (3) the claims in the later action are based upon the same cause of action in the earlier proceeding. *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996); *see also Nash County Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981).

Here, the parties to the prior complaints filed in the Western District of Virginia and the Western District of North Carolina are identical to the parties in the instant suit. (Compare Dkt. 1; Ex. A; Ex. D.) Similarly, the prior complaints allege the same causes of action: infringement of the '700 Patent and the '737 Patent. *In re Varat Enters., Inc.* 81 F.3d at 1315 (*res judicata* encompasses claim preclusion and "[r]ules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been

4

presented."); *see Nash County Bd. of Educ.*, 640 F.2d at 486. As such, the only remaining issue for determination is whether Polygroup's two prior dismissals constitute an adjudication that compels the application of *res judicata*.

### a. Polygroup's two prior voluntary dismissals constitute an adjudication on the merits for the purposes of *res judicata.*

Federal Rule of Civil Procedure 41 governs the voluntary dismissal of claims. The Rule provides that a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves a responsive pleading, or a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A). However, Rule 41(a)(1) is also "aimed at curbing abuses of the judicial system." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 385, 110 S. Ct. 2447, 2450 (1990). "Rule 41(a)(1) was designed to limit a plaintiff's ability to dismiss an action in order to curb abuses of pre-existing state and federal procedures allowing dismissals as a matter of right until the entry of the verdict or judgment." *Id.* Therefore, Rule 41 specifies that a plaintiff may not file voluntary dismissals more than once without the dismissal becoming a merits adjudication: "***[I]f the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.***" Fed. R. Civ. P. 41(a)(1)(B)(emphasis added).

"Because a notice of a second dismissal by the plaintiff serves as an adjudication upon the merits, the doctrine of *res judicata* applies." *Manning v. S. Carolina Dep't of Highway and Pub. Transp.*, 914 F.2d 44, 47 (4th Cir. 1990) (citing *Engelhardt v. Bell & Howell Co.*, 299 F.2d 480, 484 (8th Cir. 1962)); *Gabhart v. Craven Regional Med. Ctr.*, No. 94-2114, 73 F.3d 357, 1995 WL 764240, at *1-2 (4th Cir. 1995) (unpublished). Indeed, the Fourth Circuit has even concluded that a district court's failure to apply the two-dismissal rule constitutes an abuse of discretion. *American Lifeguard Ass'n, Inc. v. American Red Cross*, Nos. 92-2460, 92-2527, 93-1190, 93-1224, 21 F.3d 421, 1994 WL 144321, at *2-3 (4th Cir. April 22, 1994) (unpublished) ("The [plaintiff] chose its strategy and dismissed its suits; it cannot now revoke the effect of those dismissals in an attempt to revisit its original claims.").

5

In *Manning*, 914 F.2d at 47, the Fourth Circuit considered a case where the plaintiff had filed a case that named a Doe and a Roe, but not the defendant, and voluntarily dismissed the matter. Later, the plaintiff filed a suit including the defendant by name and again voluntarily dismissed the matter. *Id.* In the third suit, the plaintiff argued that the dismissal of the first suit should not have preclusive effect because the defendant was named only as a Doe. *Id.* The Fourth Circuit upheld the application of *res judicata* based upon the naming of Doe in the first suit, because the defendant's rights were "implicated in the first suit." *Id.*; *accord Dunton v. Ayscue*, 690 S.E.2d 752, 753-54 (N.C. Ct. App. 2010) (the two-dismissal rule applies even where defendant was never served).

The procedural background of this matter places it squarely within the purview of these authorities. Indeed, Polygroup's procedural manipulations are exactly the sorts of abuses that Rule 41 was intended to curb. *See Cooter*, 496 U.S. at 397 ("Rule 41(a)(1) was intended to eliminate the annoying of a defendant by being summoned into court in successive actions . . ."). Polygroup first filed suit for infringement of the '700 Patent and the '737 Patent in the Eastern District of Virginia. (Ex. A.) When the matter was transferred to South Dakota, Polygroup sought to deprive Willis Electric of the benefit of the ruling that it be allowed to litigate these matters in South Dakota by voluntarily dismissing the matter and re-filing in another district, the Western District of North Carolina. (*See* Dkt. 49, *Polygroup Macau Limited (BVI) v. Willis Electric Co., Ltd.*, Civ. No. 1:13-cv-01020-CBK (transferring matter); Ex. C (notice of voluntary dismissal); Ex. D. (re-pleading verbatim matter in North Carolina).) Polygroup then failed to prosecute the complaint it brought in North Carolina, which constitutes independent grounds for dismissal of the instant matter. *Cont'l Waste Sys., Inc. v. Zoso Partners*, 727 F. Supp. 1143, 1151-53 (N.D. Ill. 1989) (dismissal for failure to prosecute "indisputably operates as a judgment on the merits under Rule 41(b)"). After the second complaint pleading infringement of the '700 Patent and the '737 Patent was left pending in this district for 759 days, Polygroup again dismissed its claims. (Ex. E.) After dismissing its claims alleging infringement of the '700 Patent and the '737 Patent a second time, Polygroup brought the instant matter alleging infringement of

6

the '700 Patent and the '737 Patent a third time. Federal Rule of Civil Procedure 41(a)(1)(B) precludes these serial claims and they must be dismissed.

## Conclusion

For the reasons stated herein, Willis Electric respectfully requests dismissal of Counts I & II for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

Dated: January 22, 2016

*s/David M. Wilkerson*
David M. Wilkerson NC Bar No. 35742
Larry McDevitt NC Bar No. 5032
The Van Winkle Law Firm
11 N. Market Street
Asheville, NC 28801
(828) 258-2991 – phone
(828) 257-2767 – fax
dwilkerson@vwlawfirm.com
lmcdevitt@vwlawfirm.com

Larina A. Alton (*pro hac vice*)
Christensen Fonder P.A
 33 South 6th Street, Suite 3950
Minneapolis, MN 55402
(612) 315-4102 - phone
(612) 315-4321 - fax
alton@cfpatlaw.com

Dwight G. Rabuse (*pro hac vice*)
Dewitt Mackall Crounse & Moore S.C.
1400 AT&T Tower
901 South Marquette Avenue
Minneapolis, MN 55402
Tel.: 612-305-1402
dwight@dewittmcm.com

***Attorneys for Defendant Willis Electric***

## CERTIFICATE OF SERVICE

I hereby certify that, on the 22nd day of January, 2016, I electronically filed the foregoing Memorandum in Support of Motion to Dismiss with the Clerk of Court using the CM/ECF System, which will send notification via electronic means to the attorneys of record at that time:

  Anup M. Shah
  Troutman Sanders LLP
  301 S. College Street
  Suite 3400
  Charlotte, NC 28202
  Tel: 704-998-4089
  Fax: 704-998-4051
  Email: anup.shah@troutmansanders.com
 Attorney for Plaintiff


This the 22nd day of January, 2016.

                                            s/ David Wilkerson
                                            David Wilkerson