**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:15-cv-00552-RJC-DSC**

| | |
|---|---|
| **POLYGROUP MACAU LIMITED (BVI),** | |
| Plaintiff, | |
| v. | **ORDER** |
| **WILLIS ELECTRIC CO., LTD.,** | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's "Motion to Amend Scheduling Order" (document # 45) and "Motion to Strike Preliminary Disclosures" (document #47), as well as the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1).

Defendant contends that Plaintiff has not provided adequate Infringement Contentions as required by the Scheduling Order and the Local Patent Rules. Defendant contends that Plaintiff broadly grouped many of its products together under the guise of one "representative product," while the "representative product" and the other accused products have open, obvious, and significant differences. Defendant seeks an order compelling Plaintiff to serve new, more detailed Infringement Contentions, or in the alternative to supplement its initial Infringement Contentions. Defendant also seeks sanctions.

The parties have entered into a Stipulation concerning claim charts and product identification which is binding here and in a parallel action pending in the District of Minnesota. <u>See</u> Defendant's "Memorandum … in Support of … Motion to Strike …" at 6-8 (document #48). Plaintiff contends that Defendant has not abided by the Stipulation. Plaintiff also contends that it has continued to supplement its initial disclosures, and that consequently Defendant's Motion to Strike is premature.

Having carefully reviewed the record, the authorities and the parties' arguments, the Court finds that while Plaintiff's initial Infringement Contentions require supplementation, they are not so deficient as to warrant striking them or awarding Defendant sanctions. Accordingly, Defendant's "Motion to Strike" is <u>granted in part</u> and <u>denied in part</u> as set forth below.

The Court takes Defendant's "Motion to Amend Scheduling Order" under advisement pending the parties' meeting and conferring as ordered below.

**IT IS HEREBY ORDERED** that:

1. Defendant's "Motion to Strike Preliminary Disclosures" (document #47) is **GRANTED IN PART** and **DENIED IN PART**. On or before February 1, 2017, Plaintiff shall fully and completely supplement its Initial Infringement Contentions. To the extent Plaintiff contends that it has already served full and complete supplementations, it must so state in a verified response. In all other respects, Defendant's Motion to Strike is **DENIED WITHOUT PREJUDICE** to its right to renew the Motion if Plaintiff fails to comply with this Order.

2. Defendant's "Motion to Amend Scheduling Order" (document # 45) is taken under advisement. On or before February 1, 2017, the parties shall submit a proposed joint amended scheduling order. In the event the parties cannot agree on a proposed order, they shall each submit competing orders along with supplemental briefs in support thereof. No further briefing will be

allowed.

     3.     Each party shall bear its own costs <u>at this time</u>.

     4.     The Clerk is directed to send copies of this Order to the parties' counsel; <u>and to the</u>

<u>Honorable Robert J. Conrad, Jr.</u>

     **SO ORDERED**.

Signed: December 22, 2016

David S. Cayer
United States Magistrate Judge